**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRIS CERVANTES, | Case No. 1:26-cv-00135 JLT FJS |
| Plaintiff, | ORDER REMANDING ACTION AND DENYING MOTION TO COMPEL ARBITRATION |
| v. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al., | (Docs. 7, 8) |
| Defendants. | |

Iris Cervantes moves to remand this case against JPMorgan Chase Bank, N.A.'s to state court, where it was originally filed. The motion to remand is **GRANTED**. JPMorgan has not carried its burden to support its jurisdictional allegations about the amount in controversy with relevant evidence and reasonable assumptions.

## BACKGROUND

Cervantes originally filed this case in Merced County Superior Court. (*See* Doc. 1 at 13.) She asserts several wage and hour claims against JPMorgan, her former employer, under the state Labor Code, the Fair Employment and Housing Act, the Unfair Competition Law, and under state common law. (*See id.* at 14, 36–60.) She intends to pursue her claims on behalf of a class of similarly situated employees. (*See id.* at 22–36.)

JPMorgan removed the case to this Court under 28 U.S.C. §§ 1441 and 1332(d), a

1

provision of the Class Action Fairness Act (CAFA).  (Doc. 1.)  It alleges that Cervantes is a citizen of California, that the bank is a citizen of Ohio, and that the proposed class includes several thousand employees, i.e., more than the 100-member statutory threshold.  (*See id.* at 4–6.)  JPMorgan also alleges the amount in controversy exceeds $7 million, i.e., above the $5 million threshold.  (*See id.* at 8–10.)  It states in its notice of removal that its allegation is based on a "review of data" showing that more than 2,000 employees had "separated from employment' since October 2022.  (*Id.* at 9.)  The bank alleges that if each of these employees were part of the class, and that if each of them sought the maximum thirty-day statutory penalty available to them under section 203 of the state's labor code (which permits civil suits for failure to pay all wages due when an employee is discharged or quits), then they would be seeking a total of $7.2 million.  (*See id.* at 9–10.)

Cervantes moves to remand the case to state court and challenges JPMorgan's allegations about the amount in controversy; she does not dispute that the parties are citizens of different states, nor that the proposed class includes more than 100 members.  (Doc. 7.)  The bank opposes the motion, and Cervantes has replied.  (*See* Docs. 13, 16.)  The Court found that oral arguments would not be necessary.  (Doc. 14.)

**LEGAL STANDARD**

Federal law allows a defendant to remove a case from a state court to the appropriate federal district court if that court would have had jurisdiction over the case originally.  28 U.S.C. § 1441(a).  To accomplish the removal, the defendant must file a notice in the federal district court, which must contain among other things "a short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).  It is not necessary for the defendant to submit evidence with this notice.  Plausible allegations suffice.  *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

If the plaintiff contests the defendant's allegations about the amount in controversy, then that defendant must prove "by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million," i.e., that the amount in controversy is more likely to exceed the

2

$5 million threshold than to fall short of it. *Ibarra v. Manheim Investment, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The defendant can, for example, offer declarations, exhibits, and other "summary-judgment-type evidence." *Id.* (citation omitted). A defendant can also rely on reasonable assumptions, including those based on the plaintiff's own allegations. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020); *Arias*, 936 F.3d at 926–27. It may not rely on speculation or conjecture, however, nor assumptions "pulled from thin air." *Ibarra*, 775 F.3d at 1199. An assumption must have "some reasonable ground" beneath it. *Id.* Plaintiffs may respond by submitting their own evidence in reply or by explaining why the defendants' assumptions are unreasonable. *See Harris*, 980 F.3d at 699. The court then weighs the evidence, considers whether the defendant's assumptions are reasonable, and decides whether the amount in controversy is more likely to exceed the jurisdictional threshold than to fall short of it. *See id.* at 701.

**DISCUSSION**

Cervantes argues the bank relied on unreasonable assumptions about the number of potential class members who are likely to have claims under section 203 of the state Labor Code and, by extension, the aggregate value of those claims. (*See* Doc. 7-1 at 15–19.) JPMorgan must therefore demonstrate by a preponderance of the evidence that the amount in controversy under section 203 exceeds $5 million. *See Dart Cherokee*, 574 U.S. at 554; *Ibarra*, 775 F.3d at 1197.

JPMorgan relies on a one-page declaration by a human resources manager. (*See* Doc. 13-1.) According to the declaration, the company's records show that "between January 1, 2022, and December 31, 2025 . . . more than 2,000 non-exempt, full-time employees ended their employment in California." (*Id.* at 2.) JPMorgan alleges in its notice of removal, by contrast, that more than 2,000 people left their jobs "since October 22, 2022." (Doc. 1 at 9.) That discrepancy—January 1 versus October 22—puts the Court in a difficult position. It is a problem not only because it spans several months, but also because a claim under section 203 is subject to a three-year statute of limitations. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010). Cervantes's complaint was filed on October 22, 2025, so for purposes of estimating the amount in controversy, it would be reasonable to assume that class members could pursue

3

penalties under section 203 if they left the bank after October 22, 2022, but not before.

The bank has offered no other evidence that could shed light on this problem. The declaration itself is also sparse on details. It does not describe the database the human resources manager used. It does not offer any insights into the bank's workforce that might permit an extrapolation, statistical estimate, or another analysis that would resolve doubts about the value of the claims by employees who left the bank before October 2022. The human resources manager does not explain, for example, whether employees depart the bank at regular intervals or whether departures are consistent from one year or month to the next. There are good reasons to suspect that employee departures vary from month to month and year to year depending on any acquisitions, divestitures, layoffs, high demand for qualified workers, general economic trends, or in 2022, even the lingering effects of the coronavirus pandemic. The bank also cites no relevant allegations in the complaint. *Cf., e.g.*, *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202–03 (9th Cir. 2015) (offering an example of permissible extrapolations based on allegations).

A similar fault led the Ninth Circuit to conclude in *Harris* that the defendant had not carried its burden of proof in that case. *See* 980 F.3d at 701–02. *Harris* was also a putative wage and hour class action. *See id.* at 697–98. Like the bank in this case, the employer in *Harris* relied on a declaration with statements about the number of people in the proposed class, and those statements played a pivotal role in its calculation of the amount in controversy. *See id.* at 698. And as in this case, there was a problem with that declaration: it would be useful for estimating the amount in controversy only if one assumed that all of the employees who were members of one proposed subclass were also members of another subclass. *See id.* at 701. The employer did not show that assumption was reasonable, and no allegations in the complaint showed it was, so the defendant did not carry its burden. *See id.* at 702. The circuit affirmed the district court's decision to remand the case. *See id.* If these faulty assumptions were fatal to the defendant's case in *Harris*, then the mismatch between the bank's allegations and its evidence is fatal here. It relies on a similarly implicit and unproven assumption: that the number of employee departures between January and October 2022 was not so significant as to reduce the amount in controversy below $5 million.

This Court must "weigh the reasonableness of the removing party's assumptions." *Harris*, 980 F.3d at 701. It cannot "supply further assumptions of its own." *Id.* Constructing an alternative estimate of the amount in controversy—one that corrects for the discrepancy in the bank's proof—would be guesswork. *See id.* To put it differently, this case is one of relatively few in which a court cannot rely on an alternative non-zero estimate of the amount in controversy. *See Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 996 (9th Cir. 2022) ("Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden.").

Cervates's complaint includes several other claims, but JPMorgan did not allege in its notice of removal that these other claims put any particular sum in controversy. It does not offer evidence or propose any new allegations about other claims in response to Cervantes's motion. But even if it had, there are good reasons to doubt that it would be appropriate to take new evidence or allegations into account. *See, e.g.*, *Smiley v. Citibank* (*S. Dakota*)*, N.A.*, 863 F. Supp. 1156, 1159 (C.D. Cal. 1993) ("When defendants attempt to assert totally new grounds for removal or to create jurisdiction where none existed, however, the courts uniformly deny leave to amend." (citation and quotation marks omitted)).

JPMorgan alleges that Cervantes's request for attorneys' fees puts a nontrivial sum in controversy. (*See* Doc. 1 at 10.) Attorneys' fees awards in certified California wage and hour class actions can indeed be large. At this stage, however, JPMorgan "must prove the amount of attorneys' fees at stake by a preponderance of the evidence." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 796 (9th Cir. 2018). This court "may not relieve the defendant of [that] evidentiary burden by adopting a per se rule," *id.*, and "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof," *id.* at 795. JPMorgan does not make allegations or offer evidence about the attorneys' fees Cervantes is likely to recover. It alleges summarily that she will likely seek and recover 25% of the total award, whatever that amount might be. (*See* Docs. 1 at 10–11; 13 at 17–18.)

**CONCLUSION**

For these reasons, the motion to remand (Doc. 7) is **GRANTED**.  The Court lacks jurisdiction to consider the motion to compel arbitration (Doc. 8), so that motion is **DENIED**. This action is **REMANDED** to the Merced County Superior Court.

IT IS SO ORDERED.

Dated:   July 9, 2026  

_____
UNITED STATES DISTRICT JUDGE