**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRIS CERVANTES,<br>Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al.,<br>Defendants. | Case No. 1:26-cv-00135 JLT FJS<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION, DENYING MOTION TO REMAND ON RECONSIDERATION, AND VACATING ORDER DENYING MOTION TO COMPEL ARBITRATION<br><br>(Docs. 7, 21, 26) |

Defendant JPMorgan Chase Bank, N.A. moves for reconsideration of this Court's order granting plaintiff Iris Cervantes's motion to remand the action to state court. (Docs. 21, 26.) That motion is **GRANTED**; the Court will reconsider the motion to remand with the benefit of the corrected declaration at Doc. 19. On reconsideration, the motion to remand (Doc. 7) is **DENIED**. The Court therefore has jurisdiction over the motion to compel arbitration, which will remain pending until this Court rules on that motion, in due course.

**JURISDICTION**

The parties disagree whether this court has jurisdiction over the pending motion. Remand orders cannot generally be reviewed or appealed. *See* 28 U.S.C. § 1447(d). A district court is "divested of jurisdiction and can take no further action on the case" after the remand. *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988)). But by statute, "a court

of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action" if an application is filed within ten days. 28 U.S.C. § 1453(c)(1).

The Ninth Circuit has not decided whether this statutory provision impliedly authorizes district courts to reconsider their remand orders. No other court of appeals has considered the question directly, although the Seventh Circuit appears to have assumed that a district court has jurisdiction to reconsider a previous order if an appeal is pending. *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) (per curiam). District courts within the Ninth Circuit have reached conflicting conclusions. *See, e.g.*, *Linton v. Axcess Fin. Servs., Inc.*, No. 23-01832, 2023 WL 4604657, at *2 (N.D. Cal. July 17, 2023) (citing *Weaver v. Amentum Servs., Inc.*, No. 22-00108, 2022 WL 3447511, at *4 (S.D. Cal. Aug. 17, 2022) (exercising jurisdiction under § 1453(c)) and *Hender v. Am. Directions Workforce LLC*, No. 19-01951, 2021 WL 2577030, at *1 (E.D. Cal. June 23, 2021) (denying motion for lack of jurisdiction). Most have decided that they do not have jurisdiction to reconsider their own remand orders. *See, e.g.*, *id.*; *see also*, *e.g.*, *Rocco v. Nat'l Distribution Centers, LLC*, No. 23-00623, 2023 WL 12148295, at *2 (C.D. Cal. Aug. 30, 2023); *Garcia v. Powell*, No. 22-00730, 2023 WL 3726568, at *1 (E.D. Cal. May 30, 2023).

In the abstract, the reasoning behind the majority position is persuasive. Congress could have permitted district courts to entertain motion for reconsideration in class action remands, but it did not. It referred to the "court of appeals" instead. 28 U.S.C. § 1453(c). That omission was likely purposeful. Practically speaking, if district courts "had jurisdiction to hear and decide post-remand motions while an appeal was pending, the parties would be litigating concurrently in three different courts: discovery and pretrial litigation in state court, motion practice [post-remand] in federal district court, and litigation over the propriety of a remand in the federal court of appeals." *LaCasse v. USANA Health Scis., Inc.*, No. 20-01186, 2021 WL 877643, at *2 (E.D. Cal. Mar. 9, 2021). And as some courts have pointed out, the legislative history of § 1453(c) shows that some legislators specifically intended for that subsection to promote appeals in particular—to generate "a body of appellate law"—saying nothing about the possibility that district courts might revisit their own decisions. *Rocco*, 2023 WL 12148295, at *2 (quoting S. Rep. No. 109-14 (2005)).

In the particular circumstances of this case, however, the majority position is less than compelling. There are two reasons. First, JPMorgan's motion is aimed at a pivotal typographical error that, if corrected quickly and efficiently, could avoid a great deal of unnecessary litigation. The bank cites a revised declaration attached to a notice of errata, which it filed between the time that briefing on the remand motion was complete and the Court issued its previous order. (*See* Docs. 26, 19.) This Court relied on the uncorrected declaration and the typographical error within it. (*See* Doc. 21 at 4.)

Second, JPMorgan had already appealed the remand order by the time it sought reconsideration in this Court. (*See* Doc. 23.) Then, after its reconsideration motion was on the docket, the Ninth Circuit stayed the pending appeal until this Court rules on what the Circuit described as a "timely tolling motion," i.e., the motion to reconsider. (Doc. 28 (citing Fed. R. App. P. 4(a)(4) and *Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444, 445 (9th Cir. 1994)). Federal Rule of Appellate Procedure 4 provides that when a party files a motion for relief under Federal Rule of Civil Procedure 60, then "the time to file an appeal runs for all parties from the entry of the order disposing of [that] motion," provided that the Rule 60 motion "is filed within the time allowed for filing a motion under [Federal Rule of Civil Procedure] 59." Fed. R. App. P. 4(a)(4)(A)(vi). Rule 4 includes a similar provision for motions to alter or amend a judgment under Federal Rule of Civil Procedure 59 directly. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

The time limit for a Rule 59 motion is twenty-eight days. *See* Fed. R. Civ. P. 59(e). JPMorgan's motion was docketed a day before that deadline. (*See* Docs. 21, 26.) The bank's motion was accordingly filed before the relevant deadline. In addition, Rule 60 permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" to correct a "mistake." Fed. R. Civ. P. 60(b)(1). Rule 60 also allows a district court to correct a "mistake arising from oversight or omission whenever one is found in a judgment, order, or another part of the record" if the court of appeals gives leave to make that correction. Fed. R. Civ. P. 60(a). The Circuit court's order staying the pending appeal almost certainly qualifies as the necessary "leave."

In short, the Ninth Circuit appears to have concluded that this Court does have jurisdiction

to decide whether it should correct the error cited in JPMorgan's motion. It would be an odd thing for the Circuit to stay the pending appeal until this Court ruled on a motion that it has no jurisdiction to consider in the first place. The Court will accordingly take up the pending motion for reconsideration.

**RECONSIDERATION**

As summarized above, this Court remanded this case to state court based on its conclusion that JPMorgan did not demonstrate that the amount in controversy was greater than the $5 million jurisdictional threshold. (Doc. 21 at 4–6.) An evidentiary discrepancy between the notice of removal and the supporting evidence prevented the Court from concluding that the bank's assumptions and calculations were reasonable. (*See id.*) As JPMorgan points out in its motion for reconsideration, however, the discrepancy was the result of a typographical error that it corrected after briefing was complete, but before the remand order was filed. (*See* Docs. 19, 22, 26.) The Court therefore grants the motion to reconsider its previous decision with the benefit of the corrected declaration.

The evidentiary record now supports the allegations underlying the bank's notice of removal. There were at least two thousand non-exempt, full-time employees in California whose employment ended between January 1, 2023 and December 31, 2025. (Doc. 19 at 4.) They usually worked eight-hour shifts and earned at least the minimum wage. (*See id.* at 4–5.) Cervantes alleges the bank did not pay these employees all of the wages due to them at termination under section 203 of the state Labor Code. (*See* Doc. 1 at 51–53.) He also alleges the bank has a policy and practice to require its employees to work during their meal and rest breaks and regularly failed to pay them for this time. (*See id.* at 23.)

It is therefore reasonable to assume that Cervantes will attempt to prove in this case (1) that each employee missed at least one or more meal and rest breaks; (2) that as a result of the missed breaks, the bank owed each departing employee at least some wages but did not pay those wages; and (3) that these employees are entitled to the maximum statutory penalty. (*See* Doc. 1 at 9–10.) The maximum penalty is $15 per hour over thirty, eight-hour days, i.e., $3,600. If 2,000 employees seek that penalty, the amount in controversy is at least $7.2 million, more than the $5

million threshold. (*See id.*) Because it is undisputed that the bank is a citizen of a different state than Cervantes and that the proposed class includes at least 100 members, this court has jurisdiction. The motion to remand is therefore denied.

**CONCLUSION**

The motion to reconsider (Doc. 26) is **GRANTED**. On reconsideration, the motion to remand (Doc. 7) is **DENIED**.

Because this Court has removal jurisdiction over this action, it has jurisdiction to hear JPMorgan's motion to compel arbitration (Doc. 8). The Court **VACATES** its previous order denying that motion as moot (*see* Doc. 21). The motion to compel arbitration (Doc. 8) therefore **REMAINS PENDING**, and the Court will rule on it in due course.

The Clerk's Office is instructed to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: _August 31, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE